JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN NICHOLS | PL PHASE ONE OPERATIONS, LP d/b/a XFINITY LIVE! PHILADELPHIA |

**(b)** County of Residence of First Listed Plaintiff   Wilmington, DE
 *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County
 *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
    Plaintiff

X 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government
    Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

x 1   Original
    Proceeding

☐ 2   Removed from
    State Court

☐ 3   Remanded from
    Appellate Court

☐ 4   Reinstated or
    Reopened

☐ 5   Transferred from
    another district
    *(specify)*

☐ 6   Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. C. Section 1981 & Title VII of the Civil Rights Act of 1964

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  150,000 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
March 23, 2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire       X

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5901 Highland Court, Wilmington, Delaware 19802

Address of Defendant:   1100 Pattison Avenue, Philadelphia, PA 19148

Place of Accident, Incident or Transaction:  1100 Pattison Avenue, Philadelphia, PA 19148
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?                                Yes☐   No **X**

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐   No<b>X</b>

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐   No<b>X</b>

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐   No<b>X</b>

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes☐   No <b>X</b>

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

**Sidney L. Gold, Esquire**

I, _____, counsel of record do hereby certify:

  X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  X  Relief other than monetary damages is sought.

DATE:  **March 23, 2016**     /s/Sidney L. Gold, Esquire          **21374**

                             Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  **March 23, 2016**     /s/ Sidney L. Gold, Esquire          **21374**

                             Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5901 Highland Court, Wilmington, Delaware 19802

Address of Defendant:   1100 Pattison Avenue, Philadelphia, PA 19148

Place of Accident, Incident or Transaction: 1100 Pattison Avenue, Philadelphia, PA 19148

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☐   No X

Does this case involve multidistrict litigation possibilities?        Yes ☐   No X

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

        Yes ☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

        Yes ☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

        Yes ☐   No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

        Yes ☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

(Check Appropriate Category)

Sidney L. Gold, Esquire

I, _____, counsel of record do hereby certify:

  X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  X Relief other than monetary damages is sought.

DATE:   March 23, 2016

/s/Sidney L. Gold, Esquire        21374

Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

/s/ Sidney L. Gold, Esquire        21374

DATE:   March 23, 2016

Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN NICHOLS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| PL PHASE ONE OPERATIONS, LP, | : | |
| d/b/a Xfinity Live! Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| March 23, 2016 | | /s/Sidney L. Gold, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NICHOLS,<br>     ***Plaintiff,***<br>  v.<br><br>PL PHASE ONE OPERATIONS, LP<br>d/b/a XFINITY LIVE! PHILADELPHIA<br><br>     ***Defendant.*** | CIVIL ACTION NO:<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, John Nichols ("Plaintiff Nichols"), a former employee of the Defendant, PL Phase One Operations, LP, d/b/a Xfinity Live! Philadelphia ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

## II. JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Nichols' claims are substantively based on both §1981 and Title VII, and a substantial part of the events giving rise to Plaintiff Nichols' claims occurred in this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider the Plaintiff Nichols' claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Nichols has satisfied all jurisdictional prerequisites to the maintenance of this action. On December 30, 2015, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

III.    **PARTIES:**

6.      Plaintiff, John Nichols ("Plaintiff Nichols"), is an African-American male citizen of the state of Delaware, residing therein at 5901 Highland Court, Wilmington, Delaware 19802.

7.      Defendant, PL Phase One Operations, LP, d/b/a Xfinity Live! Philadelphia ("Defendant") is a corporation maintaining a place of business at 1100 Pattison Avenue, Philadelphia, Pennsylvania 19148.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant has been a "person" and "employer" as defined under §1981, Title VII, and the PHRA, and accordingly is subject to the provisions of each said Act.

IV.     **STATEMENT OF CLAIMS**

10.     Plaintiff Nichols, an African-American individual, was employed by the Defendant from on or about January 1, 2012 until on or about May 23, 2014, the date of his unlawful termination.

11.    During the course of his employment with the Defendant, Plaintiff Nichols held the positions of Security Officer and Operations Manager, and at all times maintained an excellent job performance rating in said capacities.

12.    Shortly after Plaintiff Nichols commenced employment, the Defendant, through its agents, servants, and employees, embarked upon a campaign of discrimination against Plaintiff Nichols solely on the basis of his race (African-American).

13.    By way of example, in or about September of 2012, Plaintiff Nichols successfully booked a large party for the Defendant. When Steve Graham ("Graham"), General Manager, observed that the party was comprised of mostly African-American patrons, he egregiously asked Plaintiff Nichols: "are we having a nigger convention?"

14.    By way of further example, Doug Bernaski ("Bernaski"), General Manager, routinely instructed Plaintiff Nichols to avoid booking parties for African-American customers.

15.    Likewise, Bernaski would frequently check the names on the reservation list and instruct Plaintiff Nichols to search for customers on Facebook if their name "sounded black."

16.    Further, Bernaski frequently and unjustifiably berated Plaintiff Nichols regarding his job performance. Although Plaintiff Nichols requested meetings with Bernaski on numerous occasions in an effort to address his alleged performance deficiencies, Bernaski consistently refused to meet with Plaintiff Nichols. Upon information and belief, Bernaski did not similarly scrutinize the job performance of similarly-situated Caucasian employees.

17.    In or about October of 2013, Matt Bieri ("Bieri"), Bartender, approached Plaintiff Nichols and informed him that Bernaski frequently made racially offensive comments about African-American individuals.

18.     In or about November of 2013, Defendant hired Peter DeLone ("DeLone"), Assistant General Manager. Thereafter, DeLone joined Bernaski and Sutch in the aforesaid race-based discriminatory conduct.

19.     By way of example, on a nearly daily basis, DeLone referred to Plaintiff Nichols as "my token black guy."

20.     Further, in or about January of 2014, Plaintiff Nichols was playing music in the workplace after hours. When Bernaski, Sutch, and DeLone heard the music, they began to verbally harass Plaintiff Nichols regarding his selection of music, stating, "it figures it's the black guy is playing that music."

21.     In or about March of 2014, Plaintiff Nichols attended a Manager's meeting with Sutch, Bernaski, and Rachael Greenley ("Greenley"), Assistant General Manager. During said meeting, Sutch referred to Plaintiff Nichols as "**my favorite nigger**."

22.     In or about April of 2014, Plaintiff Nichols reported Amir Abourki ("Abourki"), Waiter, to Bernaski for referring to another employee as a "nigger." However, Bernaski failed to take any corrective action.

23.     Shortly thereafter, Pablo Thomas ("Thomas") approached Plaintiff Nichols and informed him that Brett Brands ("Brands"), IT Specialist, had referred to Thomas as a "dirty Mexican." Plaintiff Nichols promptly reported the discriminatory comment to Bernaski. In response, Bernaski laughed and again refused to take corrective action.

24.     In or about late April of 2014, Tommy Barberi ("Barberi"), Bar-back and an African-American individual, approached Plaintiff Nichols and complained about DeLone's racial slurs.

25. Shortly thereafter, on or about May 2, 2014, Plaintiff Nichols met with Karen Wiederholt ("Wiederholt"), Human Resources Coordinator, and registered a complaint a race discrimination regarding the unabated discriminatory conduct of Bernaski, DeLone, and Sutch. However, upon information and belief, Wiederholt failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

26. On the same day, Plaintiff Nichols registered a second complaint of race discrimination with Greenley. However, Greenley likewise failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

27. On or about May 9, 2014, in a blatant act of retaliation, Defendant abruptly issued Plaintiff Nichols an unjustified negative performance review. Notably, prior to said date, Plaintiff Nichols had never received any form of counseling, discipline, or reprimands, either verbal or written, relating in any way to his performance or his position of employment.

28. On or about May 23, 2014, Defendant abruptly terminated Plaintiff Nichols' employment, allegedly for "mishandling a tip." However, Plaintiff Nichols never came in contact with said tip, and he did not engage in any alleged "mishandling."

29. Two (2) days later, on or about May 25, 2014, the Defendant requested Plaintiff Nichols' presence at a meeting. During said meeting, Bernaski informed Plaintiff Nichols that he did not believe that Plaintiff Nichols had stolen the tip. Nonetheless, Bernaski stated that the Defendant intended to uphold Plaintiff Nichols' termination, allegedly because it was "time for him to go."

30. Also during said meeting, Bernaski and Sutch confronted Plaintiff Nichols with a separation agreement in an attempt to persuade Plaintiff Nichols to waive his potential discrimination claims against the Defendant. Indeed, Bernaski and Sutch repeatedly questioned

Plaintiff Nichols regarding whether he intended to file a discrimination lawsuit, and he repeatedly expressed concern regarding the possibility of Plaintiff Nichols commencing such a lawsuit. Plaintiff Nichols refused to sign the separation agreement.

31.    Upon information and belief, Defendant replaced Plaintiff Nichols with Marielle Roseli ("Roseli"), a significantly less-qualified, less-experienced Caucasian individual.

32.    Plaintiff Nichols believes that the articulated reason for his termination was pretextual and that he was actually terminated because of his race (African-American) and/or in retaliation for registering complaints of race discrimination.

### COUNT I
### (42 U.S.C. §1981)
### (Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff Nichols vs. Defendant

33.    Plaintiff Nichols incorporates by reference paragraphs 1 through 32 of his Complaint as though fully set forth at length herein.

34.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Nichols to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted a violation of 42 U.S.C. §1981.

35.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff Nichols sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff Nichols suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Title VII)
### (Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff Nichols vs. Defendant

37.     Plaintiff Nichols incorporates by reference paragraphs 1 through 36 of his Complaint as though fully set forth at length herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Nichols to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted a violation of Title VII.

39.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Nichols sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff Nichols suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA)
### (Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff Nichols vs. Defendant

41.     Plaintiff Nichols incorporates by reference paragraphs 1 through 40 of his Complaint as though fully set forth at length herein.

42.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Nichols to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted a violation of the PHRA.

43.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Nichols sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

44.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Nichols suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

45.    Plaintiff Nichols incorporates by reference paragraphs 1 through 44 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Nichols respectfully requests that this Court enter judgment in his favor and against the Defendant, and order that:

a.    Defendant compensate Plaintiff Nichols for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.    Defendant compensate Plaintiff Nichols with an award of front pay, if appropriate;

c.    Defendant pay to Plaintiff Nichols punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

d.    Defendant pay to Plaintiff Nichols pre-judgment and post-judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e.    The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff Nichols demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
   SIDNEY L. GOLD, ESQUIRE
   I.D. NO.: 21374
   1835 Market Street, Suite 515
   Philadelphia, PA 19103
   (215) 569-1999
   **Attorney for Plaintiff**

Dated:  March 23, 2016

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 3/21/16

JOHN NICHOLS, PLAINTIFF